IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KEITH SCHOONMAKER, | No. 6:14-cv-01962-HZ |
| Plaintiff, | |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | OPINION & ORDER |
| Defendant. | |

Tim Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, Nevada 89137

    Attorney for Plaintiff

Billy Williams
ACTING UNITED STATES ATTORNEY
District of Oregon
Janice E. Hebert
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

Courtney Garcia
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Keith Schoonmaker brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB on May 25, 2011, alleging an onset date of March 31, 2009. Tr. 119-25. His application was denied initially and on reconsideration. Tr. 69-70, 71-80, 84-87.

    On April 3, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 45-68. On February April 25, 2013, the ALJ found Plaintiff not disabled. Tr. 16-31. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

    Plaintiff alleges disability based on degenerative joint disease, cervical spine injury, thoracic spine injury, lumbar spine injury, sacral spine injury, heart murmur, hypertension, osteoarthritis in the hips, plantar fasciitis, migraines, and shoulder joint disease. Tr. 173. At the time of the hearing, he was forty-nine years old. Tr. 49. He has one year of college and served twenty years in the military. Id.. He has past relevant work experience as an operations

technician and a dispatcher. Tr. 61.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 21. Next, at step two, the ALJ determined that Plaintiff has severe impairments of hypertension, gastroesophageal reflux disease, moderate degenerative disc disease of the cervical spine with radiculopathy, moderate degenerative disc and joint disease of the lumbar spine, mild degenerative disc and joint disease of the thoracic spine, mild degenerative joint disease of the right shoulder, bilateral hallux valgus, and obesity. Id. At step three, the ALJ found that Plaintiff's impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 22.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to lift ten pounds occasionally and less than ten pounds frequently; to stand and/or walk for four hours in an eight-hour workday; and to sit for four hours in an eight-hour workday. Id. He must be able to change positions briefly every fifteen minutes while remaining on task. Id. He can balance frequently and can crouch, kneel, crawl, and climb stairs and ramps occasionally. Id. He should not stoop or climb ladders, ropes, or scaffolds. Id. He is able to bilaterally reach

overhead occasionally.  Id.  He should not be exposed to hazards.  Id.

With this RFC, the ALJ determined that Plaintiff was able to perform his past relevant work as a vehicle dispatcher as he actually performed that job.  Tr. 27-28.  As a result, the ALJ determined that Plaintiff is not disabled.  Tr. 28.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation marks omitted).  The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff alleges that the ALJ erred by finding his subjective testimony not credible and by finding that he could perform his past job as a vehicle dispatcher.

I. Plaintiff's Credibility

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and

5 - OPINION & ORDER

limiting effects of his symptoms were less than fully credible because (1) the medical evidence supported some limits but not beyond the sedentary RFC given by the ALJ; (2) Plaintiff's testimony was inconsistent with his activities of daily living; (3) he had gaps in treatment; (4) in October 2012 his pain medications were decreased; (5) he was able to work for several years with his symptoms; and (6) his last job ended for reasons other than his allegedly disabling symptoms. Tr. 26-27.

The ALJ is responsible for determining credibility. Vasquez, 572 F.3d at 591. Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'").

When determining the credibility of a plaintiff's complaints of pain or other limitations, the ALJ may properly consider several factors, including the plaintiff's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may also consider the ability to perform household chores, the lack of any side effects from prescribed medications, and the unexplained absence of treatment for excessive pain. Id.; see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) ("The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility

6 - OPINION & ORDER

evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.") (internal quotation marks omitted).

Plaintiff does not challenge the ALJ's finding that his subjective limitations testimony is not supported by the objective medical evidence but he does challenge all of the other reasons given by the ALJ in support of the negative credibility finding. Because inconsistency with the objective medical evidence alone is not a valid basis for finding a Plaintiff not credible, Plaintiff argues that the ALJ's credibility determination was erroneous. See Rollins v. Massanari, 261 F.3d 853, 856, 857 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain[;] . . . While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (internal quotation and brackets omitted) .

A. Activities of Daily Living

The ALJ noted that Plaintiff was able to help around the house, use a step exerciser, and take walks. Tr. 26. She found that his allegation regarding significant sleep problems was undermined by his use of effective sleep medication. Id. She further noted that his alleged inability to concentrate was not supported by his hobbies which included reading the Bible and newspapers and using the computer daily. Id.

7 - OPINION & ORDER

Plaintiff argues that the ALJ overstated his allegations and failed to identify any of his daily activities which actually contradict his limitations testimony. Plaintiff also contends that the ALJ's explanation of the credibility finding is not sufficiently specific as recently explained by the Ninth Circuit in <u>Brown-Hunter v. Colvin</u>, 798 F.3d 749 (9th Cir. 2015).

Defendant argues first, that daily activities need not equal work activity to show that the claimant engages in activity that is inconsistent with alleged disability. <u>Rollins</u>, 261 F.3d at 857. Second, Defendant argues that even if the consistency of Plaintiff's activities is "equivocal," the court should not "second-guess" the ALJ's finding if it is supported by substantial evidence and "'[e]ven when those activities suggest some difficulty in functioning, they may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment.'" Def.'s Resp. at 8 (quoting <u>Molina v. Astrue</u>, 674 F.3d 1104, 1113 (9th Cir. 2012)).

Initially, I reject Plaintiff's argument that the ALJ's reasoning fails because it is insufficiently specific. In <u>Brown-Hunter</u>, the court disapproved of an ALJ opinion in which the ALJ first recited the RFC and then acknowledged the duty to examine the intensity, persistence, and limiting effects of the claimant's symptoms and to evaluate the claimant's credibility. 798 F.3d at 753. Next, the ALJ paraphrased testimony and summarized the medical treatment regarding the claimant, noted symptoms related to another impairment, and then noted the claimant's height, weight, smoking habits, ability to drive short distances, sit for one hour, and stand for forty-five minutes. <u>Id.</u> After that, the ALJ stated, in conclusory fashion, that the Plaintiff's statements regarding her symptoms were not credible "to the extent they are inconsistent with the above residual functional capacity assessment." <u>Id.</u> The ALJ then "devot[ed] the next eight paragraphs to summarizing the medical evidence in the record," after

8 - OPINION & ORDER

which she stated that after "careful consideration of the entire record . . . I find the functional limitations resulting from the claimant's impairments were less serious then she has alleged." Id. Although, the ALJ stated, the "medical evidence supports a finding that the claimant's impairments impose some restrictions, they did not prevent her from engaging in all work related activities." Id. (brackets and ellipses omitted).

It is no surprise that the Ninth Circuit concluded that the ALJ's reasoning regarding the claimant's credibility was insufficient. Id. at 755-56. Because the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination[,]" the ALJ did not provide an explanation or "specific reasons" allowing a court to meaningfully review the ALJ's decision. Id. at 756.

In contrast, in the instant case, the ALJ first recited several of Plaintiff's alleged limitations. Tr. 26 (noting, for example, Plaintiff's testimony that he was in pain all day, that he has problems sleeping, that he can walk one-quarter of a mile, that he can stand for fifteen minutes, sit for fifteen minutes, and lift only five pounds). Next, after stating her conclusion that Plaintiff's statements were less then fully credible, the ALJ spent the rest of that paragraph plus two more paragraphs specifically identifying which of the alleged limitations was not supported. In doing so, she pointed to the contradictory evidence. While Plaintiff may take issue with whether the ALJ accurately summarized the evidence, the ALJ's explanation was sufficiently specific to allow for meaningful review. Brown-Hunter is distinguishable.

During the hearing, Plaintiff testified that he is in pain all day. Tr. 52. He has "lots of back pain, neck pain, [and] get[s] pain in his right hip [which] shoots down into my right foot." Id. He stated that it was uncomfortable to sit, stand for very long periods of time." Id. His

medications "sometimes" make it "very difficult to stay focused for very long." Id.  Plaintiff testified that pain wakes him up at night and he can be up for a couple of hours before he gets exhausted and is able to fall back asleep.  Tr. 54.  His sleep medication helps but because it can lose effectiveness, he stops taking it for a few days and then starts again.  Id.  Plaintiff stated he could walk one-quarter of a mile before needing to rest and that he could stand for fifteen minutes before needing to change positions.  Tr. 56.  He can sit for ten to fifteen minutes.  Id.  The heaviest weight he can lift and carry twenty feet is five pounds.  Tr. 56-57.  He can kneel and climb one flight of stairs.  Tr. 57.

On a normal day, Plaintiff gets up and reads his Bible.  He walks to get the paper "down our driveway."  Id.  He reads the paper.  Id.  He also reads a book and watches TV.  Id.  He has a stair stepper he tries to do every day.  Id.  He and his wife walk together around their property.  Id.  He helps her load the top rack of the dishwasher and helps her dust.  Id.  He goes to church weekly and attends a forty-five minute service.  Id.  In a written statement, Plaintiff stated he did the dishes, vacuumed, and rode a riding lawn mower, although he had to stop after about twenty minutes because of pain.  Tr. 189.

While it is true that "[o]ne does not need to be 'utterly incapacitated' in order to be disabled[,]" Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the ALJ did not err in her consideration of the evidence related to Plaintiff's daily activities.  Her conclusion that Plaintiff's activities undermine his assertion of total disability is supported by substantial evidence.  First, Plaintiff's own testimony is that he helps around the house, uses a stair stepper, walks to get the paper, and takes walks with his wife around his property.  Although he indicated that he cannot perform some activities on an ongoing basis, his activities fairly suggest that he can walk and

stand more than he alleged. Second, his testimony that his medications "sometimes" make it difficult for him to focus very long is contradicted by his hobbies of reading and using the computer. The ALJ reasonably drew the inference from Plaintiff's activities that his ability to concentrate was greater than he testified. It is Plaintiff's burden to establish disability and if his reading or other hobbies were so limited by his alleged inability to concentrate, he should have provided that evidence.

Third, Plaintiff's sleep problems, by his own testimony, occur only when he decides to stop his sleep medication for a few days. He admitted that the medication is effective when he takes it. Thus, it was not unreasonable for the ALJ to conclude that his sleep problems were not as disabling as Plaintiff suggested.

In sum, as to his activities of daily living, the ALJ did not overstate Plaintiff's allegations. She drew reasonable inferences from the record in concluding that Plaintiff's activities were inconsistent with his subjective disabling symptom testimony.

B. Gaps in Treatment

The ALJ noted that Plaintiff had significant gaps in treatment, identifying one such period as August 2011 to August 2012. Tr. 26. Plaintiff does not dispute the factual assertion by the ALJ but argues that the ALJ failed to explain what testimony the gap in treatment undermined and why it did so. Defendant argues that the law allows the ALJ to make inferences regarding the intensity and persistence of symptoms based on the amount and type of treatment.

I agree with Defendant. The regulations expressly cite treatment as a relevant factor to consider in evaluating pain symptoms. 20 C.F.R. § 404.1529(c)(3)(v). Case law supports consideration of the amount, type, and regularity of treatment in assessing a claimant's claim of

11 - OPINION & ORDER

disabling symptoms. E.g., Marsh v. Colvin, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered gap in treatment when assessing credibility of testimony on symptom severity and physical limitation); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (claimant had not sought treatment for back pain for three to four months and had failed to seek treatment for, or evaluation of, depression; court remarked that when the alleged pain is not severe enough to motivate the claimant to seek treatment or certain forms of treatment, this was "powerful evidence regarding the extent to which she was in pain"; court expressly stated that "[t]he ALJ is permitted to consider lack of treatment in his credibility determination");

Additionally, in the paragraph immediately preceding the paragraph in which the ALJ notes the gaps in treatment, the ALJ listed the subjective limitations which she found unsupported by the record. The ALJ was not required to further identify the testimony undermined by the gap in treatment.

C. Decrease in Medication

The ALJ noted that in October 2012, Plaintiff's medications were decreased. The chart note indicates that the decrease in oxycodone was because Plaintiff's back and neck arthritis were stable. Tr. 448 ("Back and neck arthritis. Stable, will decrease oxycodone by 10%"). Plaintiff does not dispute the ALJ's factual assertion. Instead, Plaintiff argues that the decrease in medication cannot contradict his subjective testimony because according to Plaintiff's testimony at the hearing, the Veteran's Administration was "trying to do a 10 percent less throughout the board for pain medication for everybody, at least that's what he told me. We did that for two months and now I'm back on the original dose." Tr. 54. Although Plaintiff's testimony about the reason behind the decrease in oxycodone is unsupported by the record and the Veteran's

12 - OPINION & ORDER

Administration medical records do not make clear that Plaintiff's dose increased again in December 2012, I disregard this basis for discrediting Plaintiff's testimony as Defendant makes no argument in opposition to Plaintiff's contentions. Furthermore, any error by the ALJ in considering the decrease in medication is harmless in any event because there are several other bases supported by substantial evidence in the record.

    D.  Work History

In discounting Plaintiff's testimony, the ALJ noted that in February 2009, Plaintiff reported having been employed for two to five years and having missed only about two weeks in the previous twelve months due to his impairments. Tr. 26. The ALJ found that several of Plaintiff's chronic impairments had existed for a long time and had not prevented work in the past. Tr. 27. Further, there was no objective evidence of drastic worsening of symptoms. Thus, because working with impairments supports a conclusion that impairments are not disabling, the ALJ relied on Plaintiff's work history to support her rejection of Plaintiff's subjective limitations testimony. Id.

Plaintiff first argues that the fact that he missed only two weeks of work in the year prior to February 2009 does not undermine his subjective testimony because he alleges his impairments became disabling on March 31, 2009. In other words, he contends that evidence regarding his ability to work before his alleged onset date is not relevant to his ability to work after that date. If Plaintiff's condition had worsened or deteriorated in some way to distinguish the period before his alleged onset date from after that date, Plaintiff's argument would have some validity. But, as the ALJ indicated, the medical evidence does not show a worsening of symptoms since his alleged onset date. As a result, evidence of the ability to work with

impairments reasonably suggests that the impairments are not totally disabling.  E.g., Drouin v. Sullivan, 966 F.2d 1255, 1258 (9th Cir. 1992) (ability to hold two previous jobs undermined claim of disability); Gregory v. Bowen, 844 F.2d 664, 666-67 (9th Cir. 1988) (ALJ's determination that claimant was not disabled supported by substantial evidence that the condition of claimant's back had remained constant for a number of years and had not prevented her from working over that time); see also 20 C.F.R. § 404.1529(c)(3) (stating an ALJ must consider evidence about a claimant's prior work record); Elletson v. Astrue, 319 F. App'x 621, 622 (9th Cir. 2009) (fact that claimant previously worked at a physically demanding job and left that job for reasons unrelated to her impairment was a clear, and convincing reason for rejecting claimant's testimony).

  Plaintiff also notes that the government operations technician position he held in March 2009, the alleged onset date, was one the ALJ found he could not currently perform.  He suggests that the ALJ cannot rely on his ability to perform that job with his impairments and at the same time find him functionally unable to return to that job.

  The ALJ noted that Plaintiff's impairments had existed for a long period of time and had not prevented his work in the past. Tr. 27.  Plaintiff's work history shows that he was steadily employed by the military from 1981 through 2001, and then worked as a school custodian, a ROTC instructor, and a vehicle dispatcher almost continuously before beginning the operations technician job in May 2003.  The record shows that Plaintiff's lumbar and thoracic spine injury occurred in October 1982 and his cervical spine injury occurred in 1992. Tr. 144.  Thus, even aside from the operations technician position, the record shows that Plaintiff was able to work for many years with these injuries.  As a result, the ALJ's finding that he was able to work for many

14 - OPINION & ORDER

years with his impairments, which had not significantly worsened after the alleged onset date, is supported by substantial evidence and is a reasonable basis for discounting Plaintiff's subjective symptom testimony.

    E.  Termination of Last Position

The ALJ noted Plaintiff's testimony that he worked at his last job until that job was "discontinued" and admitted looking for work after the job ended. Tr. 26. She also noted his statement in his disability application that he left his last job because it "went away" and because he could not concentrate. Id. She stated that in February 2010, almost one year after the operations technician position ended, Plaintiff reported that he was unemployed due to a lack of available positions, not because of his impairments. Id. She found that the reason Plaintiff left his job and the fact that he continued to look for work were both inconsistent with complete disability. Id.

Plaintiff argues that the ALJ's finding is factually and legally wrong. He notes that his testimony that his last job ended in part because of his inability to concentrate was consistent with his claim of disability. He also points to his testimony that while he applied for other jobs after the operations technician job ended, he was never hired when potential employers learned about his limitations. Because the ALJ failed to acknowledge these facts, Plaintiff argues that her finding is unsupportable.

It is the duty of the ALJ to resolve conflicts and inconsistencies in the evidence. Spence v. Colvin, No. 03:12-cv-00426-HU, 2013 WL 4083404, at *6 (D. Or. Aug. 11, 2013), aff'd, No. 13-35911, 2015 WL 4237998 (9th Cir. July 14, 2015). Here, evidence in the record shows that Plaintiff left his operations technician job because it evaporated. Tr. 173 ("job went away"); see

also Tr. 59 (testimony that job disappeared). Even though there was additional evidence about why Plaintiff left that job, the ALJ's conclusion was reasonable. Because the ALJ's interpretation of the evidence was reasonable, her finding was not in error. Batson v. Comm 'r, 359 F.3d 1190, 1198 (9th Cir. 2004) (court must uphold an ALJ's rational interpretation of the evidence). And, even if jobs were subsequently unavailable to Plaintiff when he disclosed his limitations to prospective employers, the fact that Plaintiff kept looking for work could indicate that he believed he could perform some of those jobs. That belief is inconsistent with his allegations of total disability.

The reasons set forth by the ALJ for rejecting Plaintiff's subjective limitations testimony are clear and convincing and supported by substantial evidence in the record. Accordingly, the ALJ's finding was not in error.

II. Past Relevant Work

At step four, the ALJ concluded that Plaintiff was able to perform his past relevant work as a vehicle dispatcher, as he actually performed that position. Tr. 27-28. Plaintiff argues that this finding is not supported by substantial evidence and is based on incorrect legal standards. Specifically, Plaintiff argues that (1) the description of the physical and other demands of that position is insufficiently specific in violation of Social Security Ruling (SSR) 82-41; and (2) the only evidence of how Plaintiff actually performed the job comes from Plaintiff himself and establishes that he cannot, in fact, currently perform it.

In response, Defendant concedes that the vehicle dispatch "job, as actually performed per Plaintiff's description in his work history report, apparently conflicts with the residual functional capacity." Def.'s Resp. at 13. Nonetheless, Defendant argues that the ALJ's conclusion is not in

16 - OPINION & ORDER

error because even though the ALJ did not specifically find that Plaintiff could perform the position as generally performed, as opposed to how it was actually performed, the Dictionary of Occupational Titles establishes that the job is in fact consistent with Plaintiff's RFC.

I agree with Plaintiff that this is an impermissible post-hoc rationale which this Court cannot consider. Marsh, 792 F.3d at 1172 (court cannot affirm the agency on a ground not invoked by the ALJ without violating the Chenery rule) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (stating that a reviewing court may only affirm agency action on "the grounds invoked by the agency")); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court may not make its own independent findings, and is "constrained to review the reasons the ALJ asserts.").

The ALJ did not conclude that Plaintiff could perform his past vehicle dispatcher job as it is generally performed. Because the rationale for supporting the ALJ's decision offered by the Commissioner was not a basis for the ALJ's decision, I cannot consider it. Thus, I agree with Plaintiff that based on Defendant's concession, the ALJ's step four finding is not supported by substantial evidence.

III. Nature of Remand

The ALJ's decision must be reversed. Plaintiff argues that the case should be remanded for the payment of benefits. Defendant argues that the remand should be for additional proceedings. I agree with Defendant.

In social security cases, remands may be for additional proceedings or for an award of benefits. E.g., Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social

security case should be remanded [,]" but "in appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. Id. at 1020; see also Treicher v. Comm'r, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Garrison, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings would serve no useful purpose. Id. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. Id. To remand for an award of benefits, each part must be satisfied. Id.; see also Treicher, 775 F.3d at 1101 (when all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency).

Here, remand for additional proceedings is the appropriate course. First, the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony. The error requiring reversal is the ALJ's failure to fully develop the record regarding the parameters of Plaintiff's prior vehicle dispatcher job and the resulting conclusion that Plaintiff's ability to perform that job was consistent with the ALJ's own RFC. The first element is not met. Second, the present record does not support a finding that Plaintiff is disabled. Accordingly, remand for additional proceedings is required.

/ / /

/ / /

18 - OPINION & ORDER

CONCLUSION

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

Dated this 30 day of October, 2015

Marco A. Hernandez
United States District Judge

19 - OPINION & ORDER